IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DOMINIC JAMES FREDRICKSEN,<br><br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO VACATE CONVICTION<br><br>Case No. 2:23-cv-00404-JNP<br><br>Chief Judge Jill N. Parrish |

Before the court is a motion to vacate Dominic James Fredricksen's conviction for using an interstate facility to transmit information about a minor. Dkt. No. 1. The motion is DENIED.

**BACKGROUND**

The government alleged that Fredricksen engaged in an online chat with an undercover officer posing as a 13-year-old on the social media application Grindr. Fredricksen agreed to meet with the purported 13-year-old to have sex with him. When Fredricksen arrived at the meeting location, officers arrested him. The government charged Fredricksen with a number of crimes based on this interaction.

Fredricksen pled guilty to use of an interstate facility to transmit information about a minor. The court sentenced him to 60 months of imprisonment. Fredrickson filed a notice of appeal in which he expressed his intent to appeal on grounds of ineffective assistance of counsel. Case No. 2:19-cr-00407-JNP, Dkt. No. 93. Fredricksen's appellate attorney filed an *Anders* brief, requesting to withdraw from the case. Case No. 22-4067. The attorney asserted that the appeal was frivolous because defendants may not bring an ineffective assistance of counsel claim on direct appeal. Fredricksen did not respond to the *Anders* brief, and the Tenth Circuit dismissed the appeal without

prejudice so that he could assert his ineffective assistance of counsel claim in a collateral proceeding if he wished to do so.

Three months later, Fredricksen filed this motion to vacate his conviction under 28 U.S.C. § 2255. But he does not base his motion on ineffective assistance of counsel. Instead, he argues that the court should vacate his conviction because the government had violated its obligation to disclose exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963). Fredricksen asserts that after his guilty plea, he obtained some of the discovery evidence that he had previously requested. He contends that the government violated *Brady* by failing to disclose four categories of evidence:

> 10) The prosecutor failed to disclose favorable evidence that proved that he did not know the "victim" was under 18
>
> 11) additionally the internet website contact demanding its participants to be 18 years or older
>
> 12) additionally the missing evidence failed to show that the fake minor victim who was actually a [sic] undercover agent told the petitioner in the website he was over 18 years old
>
> 13) This mislead [sic] the petitioner to commence and continue its interactions with the Alleged victim
>
> 14) ultimately the prosecutor also failed to disclose favorable evidence that would of [sic] proved that during the commission of the "alleged" crime the petitioner was intoxicated and not in his right state of mind

Dkt. No. 1 at 4.

**ANALYSIS**

"[U]nder certain limited circumstances, the prosecution's violation of *Brady* can render a defendant's plea involuntary." *United States v. Wright*, 43 F.3d 491, 496 (10th Cir. 1994). "Of course, even if a *Brady* violation is established, 'habeas relief would clearly be the exception.'" *Id.*

(citation omitted). "[T]o establish a *Brady* violation, a defendant must demonstrate that '(1) the prosecutor suppressed evidence; (2) the evidence was favorable to the defendant as exculpatory or impeachment evidence; and (3) the evidence was material.'" *United States v. Walters*, 269 F.3d 1207, 1214 (10th Cir. 2001) (citation omitted). In cases where the defendant accepted a plea deal, "evidence is considered material where there is a reasonable probability that but for the failure to produce such information the defendant would not have entered the plea but instead would have insisted on going to trial." *Id.* (citation omitted). This assessment "involves an objective inquiry that asks not what a particular defendant would do but rather what is the likely persuasiveness of the withheld information." *Id.* at 1215 (citation omitted).

Fredricksen's *Brady* violation claim fails because he has not shown that the prosecutor suppressed evidence. "A *Brady* claim fails if the existence of favorable evidence is merely suspected. That the evidence exists must be established by the defendant." *United States v. Erickson*, 561 F.3d 1150, 1163 (10th Cir. 2009). Moreover, "[a] mere conclusory allegation does not establish a *Brady* violation." *United States v. Thompson*, 66 F. App'x 837, 839 (10th Cir. 2003) (unpublished). Here, Fredricksen alleges only that vague categories of evidence were withheld, namely: (1) "favorable evidence that proved that he did not know the 'victim' was under 18," (2) evidence that "the internet website . . . demand[ed] its participants to be 18 years or older," (3) "missing evidence . . . that the fake minor victim who was actually a [sic] undercover agent told the petitioner in the website he was over 18 years old," and (4) "evidence that would of [sic] proved that during the commission of the 'alleged' crime the petitioner was intoxicated and not in his right state of mind." Fredricksen, however, has not identified a single document, recording, or picture in the government's possession that was not disclosed. He only claims in a conclusory manner that the government did not hand over undefined evidence that would have proven a fact favorable to

his defense. Because Fredrickson has not identified specific evidence that the government has withheld, he cannot prevail on his motion to vacate his conviction based on a *Brady* violation.[1] *See United States v. Almaraz*, No. CIV 04-230 BB/LFG, 2004 WL 7337888, at *6 (D.N.M. June 22, 2004) (denying a §2255 motion based on an alleged *Brady* violation because the movant did not "identify any evidence that was favorable to him and material to a finding of guilt").

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant [seeking relief under § 2255]." USCS SEC. 2255 PROC. R. 11(a). A district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing standard requires the petitioner to demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 477 (2000). Here, it is clear that Fredricksen's *Brady* claim fails because he has not identified any specific evidence that the government withheld from him. Accordingly, the court denies a certificate of appealability for this order.

**CONCLUSION**

For the above-stated reasons, Fredricksen's motion to vacate his sentence is DENIED. The court also DENIES a certificate of appealability.

[1] Additionally, Fredricksen has not shown that evidence falling within at least two of the categories of evidence he claims the government had withheld—evidence that Grindr prohibited minors and evidence of his own intoxication—was in the government's custody. *See United States v. Erickson*, 561 F.3d 1150, 1163 (10th Cir. 2009) ("[T]he defendant must also show that the favorable evidence was in the possession or control of the government.").

DATED September 30, 2026.

BY THE COURT

Jill N. Parrish
Chief Judge for the District of Utah